DA 11-0180

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 6N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROBERT JUDE LEASE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 10-269B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Wendy Johnson, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                   Submitted on Briefs:  December 21, 2011
                          Decided:  January 17, 2012

Filed:

_____
                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Jude Lease (Lease) appeals a sentencing order entered by the Eighteenth Judicial District, Gallatin County, after Lease pled guilty to Driving Under the Influence (DUI), fourth or subsequent offense. We affirm.

¶3 On October 4, 2010, Lease was cited for a DUI – fourth or subsequent offense, driving with a suspended license, and driving without insurance. Lease's blood alcohol concentration was .301. Lease made his initial appearance on October 18, 2010, and pled not guilty. On November 29, 2010, a change of plea hearing was held where Lease pled guilty to the felony DUI and the Court, upon motion by the State, dismissed the remaining two charges.

¶4 Lease was sentenced for his felony DUI conviction on February 7, 2011. The District Court sentenced Lease to the Department of Corrections for thirteen months for treatment and an additional five years, all suspended. Two conditions of Lease's suspension were (1) to not obtain a medical marijuana card, and (2) to obey all state, federal and local laws. Lease appeals the imposition of these two conditions.

¶5 We review a sentencing condition first for legality. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164. If the condition is legal, the reasonableness of the condition is then reviewed for an abuse of discretion. *Ashby*, ¶ 9.

2

¶6 Lease raises two issues on appeal:

¶7 *Issue One: Did the District Court err when it prohibited Lease from obtaining a medical marijuana card?*

¶8 Lease argues the District Court lacked the authority to prohibit his future ability to use marijuana for medical purposes associated with a work related injury. At no point did Lease have a medical marijuana card. He argues our decision in *State v. Nelson*, 2008 MT 359, ¶ 8, 346 Mont. 366, 195 P.2d 826, held that Montana's Medical Marijuana Act (MMA) does not give a sentencing judge the authority to limit the privilege of medical marijuana while an individual is under state supervision. The State counters that amendments to the MMA in 2011 now prohibit the use of medical marijuana by parolees and probationers, thus Lease's claim is moot. The State also argues *Nelson* is inapplicable because Lease was never a "qualifying patient" under the old law.

¶9 In *Nelson,* we held that a district court cannot "impose a sentencing condition which denies a *qualifying patient* the right to use medical marijuana in accordance with the MMA." *Nelson*, ¶ 33 (emphasis added). The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The record supports the District Court's sentencing condition prohibiting Lease from obtaining a medical marijuana card.

¶10 *Issue Two: Did the District Court err when it required Lease to obey all federal laws as they relate to medical marijuana?*

¶11 Lease argues our decision in *Nelson* is controlling, and precludes a state court from using a violation of federal law as a justification for a deferred sentence. The State responds by arguing our decision in *Nelson* is not controlling because Lease was never a qualifying

3

patient under the former MMA. The State further argues Lease, as a person on supervision, is prohibited from using marijuana for medicinal purposes.

¶12 In *Nelson*, we held that sentencing courts have authority to require offenders to obey all federal laws, subject to "an exception with respect to those federal laws which would criminalize the use of medical marijuana in accordance the MMA." *Nelson*, ¶ 37. A sentencing court may not impose a sentencing condition which denies a qualifying patient a right to use medical marijuana in compliance with the MMA. *Nelson*, ¶ 33. As we stated under issue one, Appellant was not a qualifying patient.

¶13 The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The record supports the District Court's sentencing condition requiring Lease to obey all federal laws.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶15 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER

4